IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IVANTI, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STAYLINKED CORPORATION,<br><br>    Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:19-cv-00075-DB-JCB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff Ivanti, Inc.'s ("Ivanti") Motion for Leave to File First Amended Complaint.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Ivanti's motion seeks leave to amend the complaint to add a patent infringement claim against Defendant StayLinked Corporation ("StayLinked") for its use of the terminal emulation technology at issue in the case. StayLinked does not dispute or oppose the proposed amendment and does not address the factors the court should consider when determining whether leave to

---

[1] ECF No. 12.
[2] ECF No. 29.
[3] ECF No. 28.

amend is appropriate. Instead, StayLinked argues in its response that the court should defer ruling on the motion and/or stay the claim until the United States Patent and Trademark Office ("PTO") has ruled on a petition for inter partes review which StayLinked intends to file in the near future.[4]

## ANALYSIS

Ivanti's motion is brought under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Under that rule, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The court may deny leave to amend only where there is a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

Under the liberal standard for granting leave to amend pleadings, the court concludes that Ivanti should be allowed to amend its complaint. With respect to the factors the court should consider as grounds for denying Ivanti's motion, the court concludes that none of those factors exists in this case. The motion to amend is timely, and proceedings are still in the early stages with little to no discovery having taken place.[5] Given the stage of proceedings in this case, the court finds no undue delay, failure to cure deficiencies, dilatory motive, or undue prejudice that

---

[4] StayLinked's request to defer ruling or stay the claim is not properly before the court, and therefore, the court declines to consider the request. DUCivR 7-1(b)(1) ("No motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document.").

[5] The Scheduling Order was only recently entered on June 9, 2020. ECF No. 34.

would justify refusing to grant leave to amend here. Furthermore, the proposed amendment does not appear to be futile. The fact that StayLinked intends to file a petition for inter partes review with the PTO has no bearing on whether to grant or deny amendment of the complaint. If the PTO does indeed grant StayLinked's forthcoming request for inter partes review, StayLinked may request to stay the claim at that time. Absent any substantial reasons to deny the motion, the court concludes that the interests of justice require that Ivanti be permitted leave to amend.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Ivanti's Motion for Leave to File First Amended Complaint[6] is GRANTED. Ivanti shall filed its first amended complaint within 7 days of the date of this Order.

DATED this 10th day of August 2020.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge

---

[6] ECF No. 28.