# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| IVANTI, INC., | MEMORANDUM DECISION AND ORDER DENYING ECF NOS. 224, 228, 229, 230 |
| Plaintiff, | |
| v. | Case No. 2:19-cv-00075-RJS-JCB |
| STAYLINKED CORP., | Chief District Judge Robert J. Shelby |
| Defendant. | Magistrate Judge Jared C. Bennett |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court are four motions from StayLinked Corporation ("StayLinked"). ECF No. 224 is styled as a motion to compel or, in the alternative, a motion under Fed. R. Civ. P. 37(c) to preclude Ivanti, Inc. ("Ivanti") from using certain information in litigation. ECF Nos. 228, 229, and 230 are motions to preclude Ivanti from using certain information under Rule 37(c). The court heard oral arguments on these motions on February 18, 2022.[3] For the reasons stated on the record, which are memorialized below, the court DENIES StayLinked's motions.

---

[1] ECF No. 12.

[2] ECF No. 29.

[3] ECF No. 271.

## BACKGROUND

StayLinked's motions ECF Nos. 224, 228, 229, and 230 contend that Ivanti's fourth amended responses to Interrogatories 18, 19, 22, and 24 respectively are so deficient that the court should sanction Ivanti under Rule 37(c) by limiting Ivanti to its deficient responses for the rest of this litigation. As to ECF No. 224 only, StayLinked also contends that the court should compel Ivanti to supplement its response to Interrogatory 18 anew to provide additional details that StayLinked contends that Ivanti has improperly omitted.

Ivanti opposes StayLinked's requested relief. Among other reasons, Ivanti contends that this court should not hear these motions because the parties did not meet and confer prior to their filing. Also, Ivanti argues that much of the information that Ivanti needs to provide to supplement its interrogatory responses resides in StayLinked's possession and is still forthcoming given that fact discovery is ongoing. Consequently, Ivanti argues that the court cannot impose limiting sanctions under Rule 37(c). Relatedly, as to ECF No. 224, Ivanti contends that what it has, it has provided and that it cannot be compelled to produce information that it does not currently have, but, under Fed. R. Civ. P. 26(e), Ivanti will provide any additional information as soon as Ivanti obtains it.

As shown below, StayLinked's motions are not well taken. First, these motions are denied for want of meeting and conferring. Second, even if meeting and conferring had occurred, StayLinked's argument in all four of its motions for limiting sanctions under Rule 37(c) are premature. Third, StayLinked's motion to compel (i.e., ECF No. 224) fails because Ivanti has answered the broad question that StayLinked asked, and Ivanti must live with that answer unless it timely supplements it once it learns that its response is incomplete or incorrect in some

2

material respsect. Fourth, the court declines to award expenses and attorney fees to any party. Finally, the court issues a stay of case deadlines until it resolves StayLinked's recently filed motion to stay this action (i.e., ECF No. 270). Each issue is discussed in order below.

### I.  THE MOTIONS ARE DENIED FOR FAILURE TO MEET AND CONFER.

StayLinked's motions are denied because the parties did not meet and confer about the specific issues raised in Ivanti's fourth supplemental responses to the interrogatories at issue. Fed. R. Civ. P. 37(a)(1) provides that prior to filing a motion to compel production of discovery, the movant must certify that the parties have met and conferred to try and resolve the dispute precipitating the motion without court intervention. DUCivR 37-1(a) echoes this requirement and specifies the minimum procedures that must be followed to comply with Rule 37(a)(1)'s requirements. Judge Browning in the District of New Mexico eloquently summed up what this "meet and confer" minimum standard is:

> [A]ccording to the Tenth Circuit, "the administration of the rules lies necessarily within the province of the trial court with power to fashion such orders an[d] may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit."
>
> This trial court discretion is not to say, however, that parties make a good-faith effort to meet and confer by exchanging cursory and perfunctory emails or letters which simply restate each other's positions on the items of discovery. The Court considers rule 37(a)'s requirement to require a more sincere effort to see if the dispute can be resolved before a party files a motion to compel. Such a good-faith effort might be established by telephonic conference, contemporaneous email communication, or the now-rare personal meeting amongst parties. Whether the parties engaged in a good-faith conference will involve a case-by-case consideration of the facts, and that consideration might differ from docket to docket, but the Court concludes that rule 37(a) generally demands something more than a one-sided, perfunctory letter sent the day

> before a motion to compel is filed. In the case of a violation, the Court may then summarily deny a motion to compel in the event the Court concludes that the movant failed to confer with opposing counsel in good faith.[4]

At oral argument, the parties agreed that they did not meet and confer about any of StayLinked's issues regarding Ivanti's fourth supplemental responses to interrogatories 18, 19, 22, and 24. According to StayLinked's counsel, the parties unilaterally "waived" this requirement regarding Ivanti's fourth supplemental responses to the interrogatories at issue because the parties met and conferred about prior supplements to these interrogatories but did not believe that meeting and conferring about the sufficiency of the most recent responses was warranted. However, the parties cannot waive this requirement, which the Federal Rules Committee and the Local Rules Committee found to be worthy of a "certification" that must accompany a motion's filing.

The court acknowledges that meeting and conferring can become tedious over extended negotiations for discovery requests. However, making a good faith effort to resolve even protracted disputes over several iterations of responses is important because the parties are still in the best position to pragmatically resolve their differences and to live up to their obligation to bring about the "just, speedy, and inexpensive determination" of the issues in their case.[5] Involving the court necessarily increases costs to the client, opposing parties, and the court that

---

[4] *Benavidez v. Sandia Nat'l Labs*, 319 F.R.D. 696, 723 (D.N.M. 2017) (quoting *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966)) (alteration in original)).

[5] Fed. R. Civ. P. 1.

do not have to be incurred if the parties are able to work it out themselves. Because a meet and confer did not occur with any of the interrogatories at issue here, the court denies the motions.

## II.   STAYLINKED'S MOTIONS FOR LIMITING SANCTIONS ARE PREMATURE.

Although the lack of a meet and confer process results in the denial of the motions, the court provides the following analysis to guide the parties' further meet and confer efforts. StayLinked's motions for Rule 37(c) sanctions are premature. Rule 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

From this language, the court distills three elements to obtaining Rule 37(c)'s limiting sanctions. First, a party fails to provide information under either Rule 26(a) or 26(e). To violate Rule 26(e), which is relevant here, a party must fail to supplement a prior discovery response in a timely manner after learning that its prior discovery response is incomplete or incorrect in some material aspect *unless* the correction was known in discovery or otherwise disclosed in writing.[6] Second, the nondisclosing party must attempt to use the undisclosed information in a motion, hearing, or at trial. Finally, the failure to disclose must neither be harmless to the surprised party nor substantially justified. In addition to these three elements, the United States Court of Appeals

---

[6] Fed. R. Civ. P. 26(e).

5

for the Tenth Circuit has added four factors that the court must consider when determining whether the failure to disclose is harmless or substantially justified: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[7]

Based on these numerous requirements, the court cannot exclude evidence without first seeing how a nondisclosing party wants to use allegedly nondisclosed evidence in a motion, a hearing, or at trial. Waiting until a nondisclosing party attempts to use the previously undisclosed information in a motion, hearing, or trial is not only consistent with Rule 37(c)'s plain language, but it is also important to determining whether the other exclusion requirements are met. Indeed, if a party uses in a motion, hearing, or trial only the information it previously disclosed during litigation, then the court order limiting to its disclosed information is entirely superfluous. And a court will struggle to determine "prejudice or surprise," for example, unless the court has both a legal and procedural context in which to evaluate the previously undisclosed information, which arise only if a motion, hearing, or trial is pending. Moreover, determining whether the information was otherwise disclosed in discovery, for purposes of determining a Rule 26(e) violation, suggests that discovery be completed before imposing these limiting sanctions. Fact discovery is not complete in this action and will not be until at least the end of March 2022.

Here, Ivanti is not trying to use previously undisclosed information in a motion, hearing, or trial. Additionally, Ivanti still has the chance to further supplement its disclosures during the

---

[7] *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

remainder of fact discovery, which precludes a finding that Ivanti violated Rule 26(e). Thus, at this juncture, StayLinked's Rule 37(c) motions are entirely premature, and, therefore, are denied.

### III. IVANTI HAS ANSWERED WHAT WAS ASKED IN INTERROGATORY 18 AND MUST LIVE WITH WHATEVER ITS ANSWER MAY BE.

Ivanti has adequately responded to what StayLinked asked as far as it goes, but Ivanti is also limited to whatever its answer is in future litigation. Interrogatory 18 provides:

> Describe every factual basis for the allegation in paragraph 43 of the First Amended Complaint that StayLinked "took advantage of" or otherwise benefited from the alleged knowledge of "Ivanti's confidential, exclusive relationship with a single customer during the introduction of Velocity," including any benefit StayLinked allegedly derived from the identity of the customer or the existence of the 12-month exclusivity arrangement.

To this request, Ivanti responded and has since added four supplemental responses. Essentially, Ivanti provides that some former identified Ivanti employees started working for StayLinked armed with knowledge of pricing, timing, and critical business information that StayLinked obtained from these former Ivanti employees to take business from Ivanti. However, Ivanti was unable to provide evidence that is in StayLinked's possession that would purportedly prove or disprove Ivanti's claim because Ivanti does not have that evidence yet. If it obtains such information, Ivanti recognizes its obligation to supplement its prior interrogatory reponses.

Although StayLinked had hoped for more, the current supplemented response is adequate as far as it goes for two reasons. First, Interrogatory 18 requests information about paragraph 43 in Ivanti's First Amended Complaint, which is based "[o]n information and belief."[8] Ivanti has

---

[8] ECF No. 40, ¶ 43.

provided the information that it used to formulate its belief that former Ivanti employees used their knowledge to help StayLinked take specified clients from Ivanti. What is lacking is evidence showing that this exchange of protected information from Ivanti's former employees to StayLinked occurred and that StayLinked used it to take Ivanti's customers. But, as Ivanti points out, discovery is still ongoing on this topic. Therefore, Ivanti will supplement its response as necessary.

Second, the breadth of Interrogatory 18 does not necessarily encompass the very granular, specific questions about Ivanti's contracts that StayLinked now claims is missing from Ivanti's response. In its motion to compel, StayLinked contends that Ivanti's response should contain, among other things: (1) a description of the contract allegedly lost to StayLinked; (2) the trade secret information that StayLinked used to allegedly steal Ivanti's clients; (3) Ivanti's pricing terms that StayLinked allegedly undercut; (4) the terms the StayLinked offered; and (5) the date when the contract was allegedly lost. Instead of asking these very pointed questions, Interrogatory 18 asks a very broad swath of information about what Ivanti relied on to make its allegations in paragraph 43. Disclosing the pricing terms that Ivanti was using for these allegedly stolen clients and the date that these contracts were purportedly lost are not clearly encompassed within the broad question that is asked. The remaining alleged deficiencies have been adequately disclosed (e.g., Ivanti's contract with Zebra) or are not currently known to Ivanti (e.g., StayLinked's pricing terms for these customers).

Although the court finds that the response to Interrogatory 18 is sufficient as far as it goes based on what Ivanti now knows, it may not be sufficient for future use in a motion, hearing, or trial if Ivanti learns of further information that would be material to completing or correcting this

response. If Ivanti chooses to keep that information close to the vest, it would unwisely run the risk of having that information excluded from a future motion, hearing, or trial.[9] Thus, based on what Ivanti now knows, its response is sufficient to withstand a motion to compel, but depending on what Ivanti later discovers and what it later decides to argue in a future motion, hearing, or trial, its response may not be enough. But, as it now stands, Ivanti answered the question that was asked with the information it has and must live with that answer unless it is timely supplemented. Therefore, StayLinked's motion to compel a further response to Interrogatory 18 is denied.

### IV. THE COURT DECLINES TO IMPOSE FEES OR EXPENSES.

Although the court agrees with Ivanti on these motions and certainly understands why Ivanti would request expenses and attorney fees for having to defend against these motions, the court will deny the fee request because circumstances make an award of fees unjust and StayLinked's arguments are substantially justified. First, the court accepts the representation of counsel for StayLinked that he and Ivanti's counsel agreed not to meet and confer further about the fourth amended iteration of Ivanti's supplemental response to Interrogatories 18, 19, 22, and 24. Although such an agreement is improper, awarding fees for filing these motions without first meeting and conferring would be unjust because StayLinked's counsel reasonably relied on that representation as being legally meaningful.

Additionally, the court finds that Ivanti's arguments for limiting evidence and compelling Ivanti's additional response to Interrogatory 18 is substantially justified. "Substantially justified"

---

[9] Fed. R. Civ. P. 37(c).

is a familiar term to those who have ever worked with the Equal Access to Justice Act ("EAJA").[10] EAJA allows a "prevailing party" to collect attorney fees against the United States government unless the United States' litigating position was "substantially justified."[11] The United States Supreme Court held that a position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."[12] Stated differently, a government position is substantially justified "if it has a reasonable basis in both law and fact."[13] Where, as here, Rule 37 employs the same term of art as EAJA for the same purpose of awarding costs and attorney's fees, the court borrows from EAJA jurisprudence to determine substantial justification.[14]

Here, StayLinked's arguments to limit Ivanti's evidence is reasonably based on law and fact because StayLinked relied on *SCO Group, Inc. v. International Business Machines Corp.*, which imposed limiting sanctions against a party after it had violated a court order to further supplement its discovery responses.[15] In that decision, Magistrate Judge Wells imposed Rule

---

[10] 28 U.S.C. § 2412(d)(1)(A).

[11] *Id.*

[12] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation marks omitted).

[13] *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993).

[14] *Lawson v. FMR LLC*, 571 U.S. 429, 459 (2014) ("[P]arallel text and purposes counsel in favor of interpreting . . . provisions consistently."); *Northcross v. Bd. of Educ. of Memphis City Schs.*, 412 U.S. 427, 428 (1973) (per curiam) (stating that when two provisions of different statutes share similar language, that is a "strong indication" they are to be interpreted consistently); *Morissette v. United States*, 342 U.S. 246, 263 (1952) (explaining that "where Congress borrows terms of art" it also borrows their meaning).

[15] No. 03-cv-294, 2006 WL 8458678, at *7 (D. Utah June 28, 2006).

37(c)'s limiting sanctions as part of a package of sanctions under Rule 37(b).[16] In the present action, the court previously ordered Ivanti to supplement its interrogatory responses, and StayLinked reasonably, albeit erroneously, believed that those discovery responses were insufficient as they are currently written. StayLinked also believed that because of these deficiencies that limiting sanctions were available. Again, this belief is erroneous because the procedural posture in *SGO Group* is different than the procedural posture here in addition to the fact that the sanctioned party in *SGO Group* ignored several court orders, which Ivanti has not done. However, it is close enough to be "reasonable" under the facts and circumstances presented here. Therefore, the court denies the award of fees and expenses under Rule 37(a)(5) for StayLinked's four motions here.

V. **SCHEDULING MATTERS**

Late in the evening of February 17, 2022, StayLinked filed a status report representing that its petition for *inter partes* review had been granted and moved for expedited briefing to stay the case while this *inter partes* review is pending.[17] The court ordered Ivanti to brief the motion to stay on or before Wednesday, February 23, 2022. Based on the parties' stipulation, the court also stayed all deadlines in this action until the motion to stay the case is resolved. The court will hear oral arguments on StayLinked's motion to stay these proceedings on Thursday, February 24, 2022, at noon on Zoom.

---

[16] *Id.*

[17] ECF Nos. 269, 270.

## ORDER

For the reasons stated above,

- ECF Nos. 224, 228, 229, and 230 are DENIED.

- The parties shall bear their own fees and costs for the foregoing motions.

- Ivanti must file its response to StayLinked's Motion to Stay on or before February 23, 2022.

- Oral argument on the Motion to Stay will be held on February 24, 2022 at noon on Zoom.

IT IS SO ORDERED.

DATED this 18th day of February 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge